IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV347-MU-1

| | |
|---|---|
| VICTOR VEGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THEODIS BECK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for an initial review of a Complaint pursuant to 42 U.S.C. §1983, filed August 10, 2006.

In his Complaint Plaintiff alleges that he suffers from an unspecified stomach ailment. He further alleges that he has been examined by doctors but they have informed him that nothing is wrong with him. Plaintiff asserts that he would like to see another doctor and to have more tests performed on him. Plaintiff does not mention any of the defendants by name in the text of his Complaint. Plaintiff seeks one million dollars from each defendant and more medical treatment.

As an initial matter, Plaintiff fails to set forth a claim against any of the Defendants. As stated above, Plaintiff has not made specific allegations against any of them. As such, Plaintiff's Complaint is dismissed on that basis.

Moreover, a review of the record submitted by Plaintiff in conjunction with his Complaint reveals that, at most, Plaintiff's Complaint states a claim of medical malpractice, not a claim under §1983. Plaintiff admits in his Complaint that he has been examined by medical doctors. A

response to Plaintiff's prison grievance sets forth that he has been examined by medical professionals numerous times over the last year and a half. Indeed, Plaintiff had 10 medical visits in a little over a month period in 2005. In addition, Plaintiff has been examined by a GI specialist. Plaintiff has also undergone various medical tests such as a MRI and an ultrasound, the results of which were negative. It also appears that Plaintiff often fails to attend scheduled medical appointments and fails to take prescribed medication.

Based upon the facts submitted by Plaintiff himself, this Court concludes that, at the very most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Daniels v. Williams, 474 U.S. 327 (1986)(inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Signed: August 14, 2006

Graham C. Mullen
United States District Judge